Stilwell Value Partners, IV, L.P. v Cavanaugh (2016 NY Slip Op 02036)





Stilwell Value Partners, IV, L.P. v Cavanaugh


2016 NY Slip Op 02036


Decided on March 22, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2016

Sweeny, J.P., Renwick, Moskowitz, Gische, JJ.


653011/11 571 570

[*1]Stilwell Value Partners, IV, L.P., etc., Plaintiff-Respondent,
v
Diane B. Cavanaugh, et al., Defendants-Appellants.


Kilpatrick Townsend & Stockton LLP, New York (Jonathan E. Polonsky of counsel), for appellants.
Allegaert Berger & Vogel LLP, New York (Richard L. Crisona of counsel), for respondent.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered October 26, 2015, and October 27, 2015, which denied defendants' motion for summary judgment dismissing the second amended complaint, and partly granted plaintiff's cross motion for summary judgment, unanimously reversed, on the law, with costs, defendants' motion granted and plaintiff's cross motion denied.
Plaintiff — which bought stock in nominal defendant/derivative plaintiff Northeast Community Bancorp, Inc. (Inc.) pursuant to a prospectus — may not complain about the very facts that the prospectus disclosed, e.g., that Inc. and defendant Northeast Community Bancorp, MHC (MHC) have the same board, that MHC (as the majority owner of Inc.) can control Inc.'s affairs, that MHC's control could prevent a second-step conversion, that this could be contrary to the interest of Inc.'s minority shareholders, and that MHC's control of Inc. could result in the perpetuation of management and directors (see e.g. Boxer v Husky Oil Co. , 1983 WL 17937, *7, 1983 Del Ch LEXIS 436, *17-18 [June 28, 1983], corrected on reargument by 1984 WL 19476, 1984 Del Ch LEXIS 451 [Feb. 1, 1984], affd 483 A2d 633 [Del 1984]).
Plaintiff contends that Boxer and the other cases cited by defendants are distinguishable because they dealt with partnerships, and the case at bar involves a corporation. However, Goodman v Futrovsky (213 A2d 899 [Del 1965], cert denied 383 US 946 [1966]) applied the same rule to a corporation (see id. at 902-903). Furthermore, a general partner of a limited partnership is like a board of directors of a corporation (see Cincinnati Bell Cellular Sys. Co. v Ameritech Mobile Phone Serv. of Cincinnati, Inc. , 1996 WL 506906, *12, 1996 Del Ch LEXIS 116, *36 [Sept. 3, 1996], affd 692 A2d 411 [Del 1997]).
Sample v Morgan (914 A2d 647 [Del Ch 2007]), on which plaintiff relies, is distinguishable. First, it was decided on a motion to dismiss for failure to state a cause of action (id. at 661-662), so the standard differs from the standard for the motions at issue in the instant action, which seek summary judgment. Second, the defendants "failed to demonstrate that they disclosed all the material facts relevant to the stockholders' consideration of the Charter Amendment and the Incentive Plan" (id. at 664-665 [footnote omitted]). Indeed, "the summary of material terms contained in the Proxy emerges at this stage as materially misleading" (id. at 667). By contrast, plaintiff does not claim that the prospectus pursuant to which it bought its Inc. [*2]shares was misleading or failed to disclose all material facts.
In light of the foregoing, the parties' remaining arguments for affirmative relief are academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2016
CLERK